**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUDITH PLUNKETT

                Plaintiff-Appellant,

    vs.

BEST BUY, INC.

                Defendant-Appellee.

NO. 17-35965

D.C. No. 3:16-cv-05832-DWC

**MEMORANDUM**[*]

Appeal from the United States District Court
for the Western District of Washington
David W. Christel, Magistrate Judge, Presiding

Submitted December 6, 2018[**]
Seattle, Washington

Before: FLETCHER and BYBEE, Circuit Judges, and BURNS,[***] District Judge.

---

   [*] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36-3.

   [**] The panel unanimously concludes this case is suitable for disposition without oral argument. *See* Fed. R. App. P. 34(a)(2).

   [***] The Honorable Larry Alan Burns, United States District Judge for the Southern District of California, sitting by designation.

Judith Plunkett appeals the district court's grant of summary judgment in this premises liability action. The parties are familiar with the facts, so we don't recite them. This Court has jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court properly granted summary judgment after it correctly determined that the shopping carts in the aisle did not constitute an unreasonable risk. *See Iwai v. Emp't Sec. Dep't*, 915 P.2d 1089, 1093 (Wash. 1996) (holding that, under Washington law, a land possessor is liable to an invitee if "a condition on the land . . . involves an unreasonable risk of harm"). Because the position of the shopping carts did not pose an unreasonable risk, it was immaterial whether the risk was the result of active or passive negligence.

The district court did not abuse its discretion in excluding the testimony of Plunkett's "human factors" expert. The court correctly determined that the expert's opinions would not assist the trier of fact and were based on speculation. *See* Fed. R. Evid. 702.

**AFFIRMED**.